United States District Court
Southern District of Texas
**ENTERED**
November 01, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL BATES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-467 |
| | § | |
| G PARKER, *et al*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS FOR FAILURE TO PROSECUTE**

This is a civil rights action filed by a Michael Angelo Bates, a former Texas state prisoner. Plaintiff's case involves his allegations that while an inmate at the Garza West unit in Beeville, Texas, he was subjected to the excessive use of force by two Texas Department of Criminal Justice ("TDCJ") correctional officers. (D.E. 7). Plaintiff is appearing *pro se.* Plaintiff has been released from custody having discharged his sentence. His whereabouts are unknown. Plaintiff has failed to update his contact information with the Court despite being instructed to do so by the undersigned. For the reasons set forth below, the undersigned recommends this case be **DISMISSED without prejudice** because of Plaintiff's failure to prosecute.

**I.    BACKGROUND**

Plaintiff filed this action on November 16, 2015. (D.E. 1). The case has been referred to the undersigned for case management and making recommendations on

dispositive motions pursuant to 28 U.S.C. § 636.[1]  On November 18, 2015, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. (D.E. 5). A *Spears*[2] hearing was held on December 3, 2015, at which Plaintiff, who was still in custody at the time, appeared by telephone.  The undersigned ordered service on two defendants on January 13, 2016.  (D.E. 7).  Defendants filed an answer on February 29, 2016.  (D.E. 13).

Defendants filed a motion for summary judgment on July 6, 2016.  (D.E. 17). Plaintiff has not filed a response.  Plaintiff's response was due on August 15, 2016. (D.E. 15).  The Order Setting Deadlines (D.E. 15), which included Plaintiff's deadline to file a response, was mailed to Plaintiff, however, it was returned as undeliverable. (D.E. 16).[3]  Even if Plaintiff did not receive the order setting deadlines, Plaintiff's response to Defendants' motion for summary judgment was otherwise due 21 days from the date of filing.  *See* Rule 7.3, Local Rules, Southern District of Texas. Further, his failure to respond may be taken as a representation he has no opposition to the motion being granted.  *See* Local Rule 7.4.

During the *Spears* hearing on December 3, 2015, Plaintiff testified he was scheduled to be released from confinement in 90 days.  (D.E. 11, p. 12).  The undersigned admonished Plaintiff of his obligation to update his address upon his

---

[1] *See* Special Order No. C-2013-01 on file with the District Clerk.
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[3] The returned envelope is marked with a typed notation: "Return to Sender, Not Deliverable as Addressed, Unable to Forward."  The envelope is also marked with a handwritten notation: "UTF Discharged."

release and his failure to do so could result in his missing deadlines and ultimately result in his case being dismissed for want of prosecution. (D.E. 11, pp. 12-14).

> THE COURT: Okay. This is real important. This is -- this may be the most important thing that I tell you about your case.
>
> *   *   *   *   *   *   *   *   *
>
> THE COURT: Okay. So you have to make sure that, when you're released, you file with the court a notice of your current address and also –
>
> *   *   *   *   *   *   *   *   *
>
> THE COURT: What I'm telling is: you have to -- when you get [out] of custody, you have to file with this court, a notice of your current address and your phone number and that has -- you, basically have to file that with this court with your case number. I know you've done that before because you filed an application to proceed *in forma pauperis*, that is, without [paying] the filing fee.
>
> MR. BATES: Yeah.
>
> THE COURT: But you have to file that notice of your address so that we know how to reach you.
>
> MR. BATES: All right. All right. I'll remember that.
>
> THE COURT: Because if we can't find you and -- there's a possibility that your case could be dismissed because if I do an order giving you a deadline to -- I don't know, to file a response and you don't file a response, then your case could be dismissed. But if you -- if we know how to reach you, that will prevent your case from being dismissed for what they call "want of prosecution." So it's real important that you make sure that we know where you are.
>
> And if you change addresses after you get out, each time you change addresses, you have to make sure we know how to reach you.

>      Do you understand all of that?
>
>  MR. BATES: Yes, sir.

(D.E. 11, pp. 12-14).

On October 24, 2016, a hearing was held before the undersigned magistrate judge. The notice of the hearing was placed on the docket of the Court. Counsel for Defendants appeared by telephone. Plaintiff did not appear, request a continuance or otherwise notify the Court of his unavailability. The purpose of the hearing was to inquire with counsel for Defendants, an Assistant Attorney General of the State of Texas, about the current address and contact information of Plaintiff. Counsel for Defendants confirmed Plaintiff has been released from TDCJ custody and further explained Plaintiff was not released to parole or other supervision. Defense counsel further indicated he did not have a current address for Plaintiff. However, defense counsel made further inquiry with the TDCJ about Plaintiff's address and contact information. On November 1, 2016, counsel for Defendants filed an advisory with the Court further confirming that Plaintiff discharged his sentence and the TDCJ does not have current contact information for Plaintiff. (D.E. 20). However, Plaintiff did provide the TDCJ with free-world contact information while he was an inmate by completing what is known as a "travel card." (D.E. 20). The address listed on Plaintiff's travel card is: **6318 Bluestone, Houston, Texas 77016**.[4] (D.E. 20).

---

[4] The undersigned will direct the Clerk of Court to send this Memorandum and Recommendation to the address listed on Plaintiff's TDCJ travel card.

Plaintiff has had no contact with the Court since the *Spears* hearing on December 3, 2015.

## II.   LEGAL STANDARD

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order.  Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997)(holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).  A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay and the imposition of lesser sanctions would be futile.  *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

## III.   DISCUSSION

Plaintiff has previously been advised that this action may be dismissed if he fails to prosecute it or to comply with any Court order.  He was specifically admonished to update his address when he was released from custody.  Plaintiff failed to comply.   Plaintiff has not had any contact with the Court since December 3, 2015.  Nothing in the Court's docket suggests Plaintiff has attempted to contact the Court.  Plaintiff has not responded to Defendants' motion for summary judgment which was filed on July 6, 2016.  The Court cannot proceed with Plaintiff's case if he is not willing to participate as a litigant.  The inability to proceed with this litigation is directly attributable to Plaintiff's failure to provide the information requested.  As such, dismissal is warranted under these circumstances.

## IV. RECOMMENDATION

Accordingly, it is respectfully recommended that Plaintiff's claims be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**The Clerk of Court is directed to mail this Memorandum and Recommendation to Plaintiff by regular and certified mail at: <u>6318 Bluestone, Houston, Texas 77016</u>.**

Respectfully submitted this 1st day of November, 2016.

                                              Jason B. Libby
                                    United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).